United States District Court
Southern District of Texas
**ENTERED**
May 17, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| DANIEL  AIELLO, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 2:21-CV-67 |
| | § | |
| BRIAN  COLLIER, *et al*, | § | |
| | § | |
| Defendants. | § | |

**<u>MEMORANDUM AND RECOMMENDATION</u>**

Plaintiffs Daniel Aiello and Abner Lee Cocke have jointly filed this *pro se* prisoner civil rights action long with a Motion for Class Action Certification (D.E. 4). Plaintiff Aiello was granted leave to proceed *in forma pauperis* (IFP). (D.E. 8). Plaintiffs' case is subject to screening pursuant to the Prison Litigation Reform Act. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. §§1915(e)(2), 1915A.

For purposes of screening, Plaintiff Aiello has stated the following claims against **Brian Collier, the Executive Director of the Texas Department of Criminal Justice (TDCJ)**, in his official capacity for injunctive relief: (1) § 1983 claim for equal protection violations; and (2) a claim under the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc *et seq.*  Accordingly, it is respectfully recommended that these claims be **RETAINED.**  The undersigned will order service on Defendant Collier.

The undersigned further **RESPECTFULLY RECOMMENDS** that Plaintiffs' Motion for Class Action Certification (D.E. 4) be **DENIED**, that only Plaintiff Aiello proceed in this action, that Plaintiff Cocke be **DISMISSED without prejudice** to his right to file a new § 1983 complaint, and that Plaintiff's claims against the **TDCJ** be **DISMISSED** as barred by the Eleventh Amendment.

## I.  JURISDICTION

The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.  This case has been referred to the undersigned magistrate judge for case management and making recommendations on dispositive motions pursuant to 28 U.S.C. § 636.

## II.  PROCEDURAL BACKGROUND AND PLAINTIFF'S ALLEGATIONS

Plaintiffs' claims and allegations in this action arise in connection with their current assignment to the McConnell Unit in Beeville, Texas.  Plaintiffs sue TDCJ Director Collier and the TDCJ.[1]  In their complaint, Plaintiffs reference a consolidated RLUIPA case tried by District Judge Nelva Gonzales Ramos where she granted three Native American prisoners an exemption from TDCJ's grooming policy to wear their hair long. (*Goodman, et al., v. Davis, et al.*, No. 2:12cv166, D.E. 322).  Judge Ramos concluded that TDCJ was enjoined from enforcing its grooming policy against those plaintiffs with respect to the rules preventing them from growing their hair long and wearing it loose.  (*Id.*, D.E. 322, p. 23).

---

[1] While identifying one of the defendants as the "TDCJ Administration," the undersigned will construe this defendant as simply the TDCJ.

Plaintiffs assert they are being denied the same treatment as the *Goodman* plaintiffs. Plaintiffs state that, like the *Goodman* plaintiffs, they are in the same TDCJ unit, the same housing, have the same custody level, and are in the same or like circumstance. Plaintiffs' claim they are suffering from discrimination because special benefits are being provided to Native Americans and not to other classes of religion. Plaintiffs also complain that female offenders are not required to have or support a religion to wear their hair long. Lastly, Plaintiffs reference that forty-five state prisons, the BOP, and many Texas county jails have consented to prisoners wearing their hair long. Plaintiffs seek injunctive relief.

A *Spears*[2] hearing was conducted on August 20, 2020, where Plaintiff Aiello clarified he also seeks to assert a RLUIPA claim against TDCJ Director Collier. Plaintiff Aiello testified that he is a Christian who would prefer to take the Nazarite Vow. According to Plaintiff, a major tenet of the Nazarite Vow references the right to grow one's hair long. Plaintiff alleges that TDCJ's grooming policy violates RLUIPA by interfering and interrupting his ability to practice his Christian faith through the taking of the Nazarite Vow.

Plaintiff clarifies that he seeks injunctive relief as well as reasonable attorney's fees and costs, if appropriate. He does not seek monetary relief to compensate him for any injuries suffered.

---

[2] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985); *see also Eason v. Holt*, 73 F.3d 600, 603 (5th Cir. 1996) (stating that testimony given at a *Spears* hearing is incorporated into the pleadings).

## IV.    DISCUSSION

### A.   Class Certification

Plaintiffs seek to represent approximately 100,000 male inmates who are purportedly in same or similar circumstances.  (D.E. 4).  Requests for class certification by a prisoner acting *pro se* are generally denied because the prisoner cannot "fairly and adequately protect the interests of the class."  *See* Fed. R. Civ. P. 23(a)(4) (one of the four prerequisites for class certification is a finding that the representative party can "fairly and adequately protect the interests of the class"); *Ali v. Immigration and Customs Enforcement*, No. 1:16-CV-037, 2017 WL 881102, at (N.D. Tex. Feb. 2, 2017) (denying motion to certify class filed by an immigration detainee proceeding *pro se* because he failed to show "he could fairly and adequately protect the interests of a purported class of other [immigration] detainees").

Because Plaintiffs fail to show that they can properly serve as representative parties in a class action purportedly consisting of inmates from different faiths and a variety of possibly dissimilar circumstances, the undersigned respectfully recommends that Plaintiffs' request to proceed as a class action (D.E. 4) be denied.

### B.   Multiple Plaintiffs

Plaintiffs seek to proceed to proceed jointly in this *pro* se action.  However, with regard to a *pro se* multiple-plaintiff prisoner case, each co-plaintiff must pay the full filing fee.[3]  *See Sneed v. Cotton*, No. 3:08-CV-2273, 2009 WL 222760, at *1 (N.D. Tex.

---

[3] Pursuant to the Prison Litigation Reform Act ("PLRA"), a prisoner must ultimately pay the full filing fee even when he or she is granted leave to proceed IFP.  28 U.S.C. § 1915(b).

Jan. 29, 2009).  *See also Hubbard v. Haley*, 262 F.3d 1194, 1197 (11th Cir. 2001) (refusing to allow the joinder of multiple plaintiffs attempting to circumvent the PLRA's unambiguous requirement that each prisoner be required to pay the full amount of the filing fee).

"Separate cases are proper because of the need for each individual plaintiff to represent himself with regard to the claims alleged in this case, the need for each plaintiff to sign the pleadings, and the likelihood that the factual grounds for each inmate's claims may differ."  *Sneed*, 2009 WL 222760 at *1. Rather than proceed in a single action, the undersigned finds that Plaintiff Cocke should be required to file his own civil action asserting his individual claims.

### C.    Screening of Plaintiff Aiello's Claims

When a prisoner seeks to proceed IFP, the Court shall evaluate the complaint and dismiss it without service of process if the Court finds the complaint frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A. *See* 28 U.S.C. § 1915(e)(2)(B) (providing that a court shall review an *in forma pauperis* complaint as soon as practicable and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from an immune defendant). A claim is frivolous if it has no arguable basis in law or fact.  *Neitzke v. Williams,* 490 U.S. 319 (1989).

"In analyzing the complaint, [the Court] will accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Jones v. Greninger,* 188 F.3d

322, 324 (5th Cir. 1999).  "The issue is not whether the plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim.  Thus, the Court should not dismiss the claim unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint." *Id.* (citations omitted).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Plaintiff must allege sufficient facts in support of its legal conclusions that give rise to a reasonable inference that Defendant is liable.  *Id.*; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007).  As long as the complaint, taken as a whole, gives rise to a plausible inference of actionable conduct, Plaintiff's claim should not be dismissed.  *Twombly*, 550 U.S. at 555.

Plaintiff has named the TDCJ as one of the defendants in this case. The Eleventh Amendment bars suit against state entities such as the TDCJ regardless of whether money damages or injunctive relief is sought under § 1983. *See Aguilar v. Texas Dept. of Criminal Justice*, 160 F.3d 1052, 1054 (5th Cir. 1998); *Clay v. Texas Women's University*, 728 F.2d 714, 715-16 (5th Cir. 1984). Accordingly, it is respectfully recommended that Plaintiff's § 1983 claims against the TDCJ be dismissed with prejudice as barred by the Eleventh Amendment.

Upon review of the complaint and Plaintiff Aiello's testimony at the *Spears* hearing, the undersigned finds that Plaintiff Aiello has stated plausible equal protection and RLUIPA claims against TDCJ Executive Director Collier in his official capacity for

injunctive relief only.  Accordingly, the undersigned respectfully recommends that these claims be retained.

## V.   RECOMMENDATION

For purposes of § 1915A, Plaintiff has stated sufficient facts that, if true, state equal protection and RLUIPA claims against TDCJ Director Brian Collier in his official capacity for injunctive relief only.  Accordingly, it is respectfully recommended that these claims be **RETAINED**.  The undersigned will order service as to Defendant Collier by separate order.

The undersigned further respectfully recommends that Plaintiffs' Motion for Class Action Certification (D.E. 4) be **DENIED**, that only Plaintiff Aiello proceed in this action, that Plaintiff Cocke be **DISMISSED without prejudice** to his right to file a new § 1983 complaint, and that Plaintiff's claims against the TDCJ be **DISMISSED** as barred by the Eleventh Amendment.

Respectfully submitted this 17th day of May, 2021.

Jason B. Libby
United States Magistrate Judge

## <u>NOTICE TO PARTIES</u>

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).