United States District Court
Southern District of Texas
**ENTERED**
August 31, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| DANIEL  AIELLO, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:21-CV-67 |
| | § | |
| BRIAN  COLLIER, *et al*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND RECOMMENDATION TO DENY
PLAINTIFF'S DISPOSITIVE MOTION WITHOUT PREJUDICE**

Plaintiff Daniel Aiello, proceeding *pro se* and *in forma pauperis*, has filed this prisoner civil rights pursuant to 42 U.S.C. § 1983. Plaintiff's claims and allegations in this action arise in connection with his current assignment to the McConnell Unit in Beeville, Texas.

Plaintiff alleges that he is a Christian who would prefer to take the Nazarite Vow. According to Plaintiff, a major tenet of the Nazarite Vow references the right to grow one's hair long.  Plaintiff alleges that TDCJ's grooming policy interferes with his ability to practice his Christian faith through the taking of the Nazarite Vow.  The Court has retained the following claims against Brian Collier, the Executive Director of the Texas Department of Criminal Justice (TDCJ), in his official capacity for injunctive relief: (1) a § 1983 claim for equal protection violations; and (2) a claim under the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc *et seq.*  (D.E. 16, 34).

On July 12, 2021, the undersigned entered a Scheduling Order setting forth the discovery deadline and the dispositive motions deadline as December 13, 2021.  (D.E. 28).  On August 5, 2021, Plaintiff filed a dispositive motion, which is construed as his motion for summary judgment.  (D.E. 38).

Plaintiff filed his summary judgment motion over four months before the discovery and the dispositive motions deadlines.  Plaintiff has not attached any evidence to his motion in order to establish the absence of any genuine issues of fact with respect to his claims. Rather, Plaintiff's summary judgment motion restates his allegations and claims. The undersigned respectfully recommends that Plaintiff's dispositive motion, construed as a motion for summary judgment (D.E. 38), be **DENIED** without prejudice to renew at a later time after Plaintiff has been able to conduct sufficient discovery and can provide evidentiary support for his motion.

Respectfully submitted this 31st day of August, 2021.

Jason B. Libby
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).