United States District Court
Southern District of Texas
**ENTERED**
September 17, 2021
Nathan Ochsner, Clerk

UNITED  STATES  DISTRICT  COURT
SOUTHERN  DISTRICT  OF  TEXAS
CORPUS  CHRISTI  DIVISION

| | | |
|---|---|---|
| DANIEL  AIELLO, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL  ACTION  NO. 2:21-CV-67 |
| | § | |
| BRIAN  COLLIER, *et al*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM  AND  RECOMMENDATION  TO DENY PLAINTIFF'S  SECOND  DISPOSITIVE  MOTION  WITHOUT  PREJUDICE

Plaintiff Daniel Aiello, proceeding *pro se* and *in forma pauperis*, has filed this prisoner civil rights pursuant to 42 U.S.C. § 1983. Plaintiff's claims and allegations in this action arise in connection with his current assignment to the McConnell Unit in Beeville, Texas.

Plaintiff alleges he is a Christian who would prefer to take the Nazarite Vow. According to Plaintiff, a major tenet of the Nazarite Vow references the right to grow one's hair long.  Plaintiff alleges TDCJ's grooming policy interferes with his ability to practice his Christian faith through the taking of the Nazarite Vow.  The Court has retained the following claims against Brian Collier, the Executive Director of the Texas Department of Criminal Justice (TDCJ), in his official capacity for injunctive relief: (1) a § 1983 claim for equal protection violations; and (2) a claim under the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc *et seq.* (D.E. 16, 34).

On July 12, 2021, the undersigned entered a Scheduling Order setting forth the discovery deadline and the dispositive motions deadline as December 13, 2021.  (D.E. 28).

On August 5, 2021, Plaintiff filed a dispositive motion, which was construed as a motion for summary judgment.   (D.E. 38).   On August 31, 2021, the undersigned entered a Memorandum and Recommendation ("M & R") recommending this Motion be denied as Plaintiff filed his summary judgment motion over four months before the discovery and the dispositive motions deadlines and Plaintiff did not attached any evidence to his motion in order to establish the absence of any genuine issues of fact with respect to his claims.  (D.E. 42).   The undersigned determined Plaintiff's summary judgment motion simply restated his allegations and claims and as such, recommended Plaintiff's motion be denied without prejudice to renew at a later time after Plaintiff has been able to conduct sufficient discovery and can provide evidentiary support for his motion.

Two weeks later, Plaintiff has filed a second document titled "Dispositive Motion." (D.E. 46).  For the same reasons as stated in the undersigned August 31, 2021 M & R, the undersigned respectfully recommends Plaintiff's dispositive motion be construed as a motion for summary judgment (D.E. 42) and be **DENIED** without prejudice to renew at a later time after Plaintiff has been able to conduct sufficient discovery and can provide evidentiary support for his motion.   Plaintiff is advised that further dispositive motions should not be filed until closer to the dispositive motion deadline and discovery is largely complete.

ORDERED this 17th day of September, 2021.

_____
Jason B. Libby
United States Magistrate Judge

## NOTICE  TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).