United States District Court
Southern District of Texas
**ENTERED**
October 01, 2021
Nathan Ochsner, Clerk

UNITED  STATES  DISTRICT  COURT
SOUTHERN  DISTRICT  OF  TEXAS
CORPUS  CHRISTI  DIVISION

| | | |
|---|---|---|
| DANIEL  AIELLO, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL  ACTION  NO. 2:21-CV-67 |
| | § | |
| BRIAN  COLLIER, *et al*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM  AND RECOMMENDATION  TO DENY
PLAINTIFF'S  MOTION  FOR PRELIMINARY  INJUNCTIVE  RELIEF**

Plaintiff Daniel Aiello, proceeding *pro se* and *in forma pauperis*, has filed this prisoner civil rights pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's motion seeking preliminary injunctive relief. (D.E. 14). For the reasons set forth below, the undersigned respectfully recommends that Plaintiff's motion be **DENIED**.

**I.      BACKGROUND**

Plaintiff's claims and allegations in this action arise in connection with his current assignment to the McConnell Unit in Beeville, Texas. Plaintiff alleges he is a Christian who would prefer to take the Nazarite Vow. According to Plaintiff, a major tenet of the Nazarite Vow references the right to grow one's hair long. Plaintiff alleges TDCJ's grooming policy interferes with his ability to practice his Christian faith through the taking of the Nazarite Vow.

In his original complaint, Plaintiff references a consolidated case filed by three Native American prisoners in this Court under the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc *et seq*. (D.E. 1-1, p. 4). This consolidated case was  tried by District Judge Nelva Gonzales Ramos where she granted three Native American prisoners an exemption from TDCJ's grooming policy to wear their hair long. (*Goodman, et al., v. Davis, et al.*, No. 2:12cv166, D.E. 322). Following the three-day trial, Judge Ramos concluded that TDCJ was enjoined from enforcing its grooming policy against these three Native American inmates. (*Id.*, D.E. 322, p. 23).

The undersigned conducted a *Spears*[1] hearing in this case on April 28, 2021. The Court subsequently retained equal protection and RLUIPA claims against Brian Collier (Collier), the Executive Director of the Texas Department of Criminal Justice (TDCJ), in his official capacity for injunctive relief. (D.E. 16, 34).

## II.    DISCUSSION

In his motion seeking preliminary injunctive relief, Plaintiff seeks an order allowing him to grow his hair long and loose.  (D.E. 14, p. 5).  Collier responds that Plaintiff has not satisfied the necessary elements entitling him to preliminary injunctive relief. (D.E. 48, p. 2).

To obtain a preliminary injunction under Federal Rule of Civil Procedure 65(a), the movant must demonstrate: (1) a substantial likelihood of success on the merits; (2) a substantial threat that the movant will suffer irreparable injury if the injunction is denied;

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

(3) the threatened injury outweighs any damage that the injunction might cause the defendant; and (4) the injunction will not disserve the public interest. *Texans for Free Enterprise v. Texas Ethics Com'n*, 732 F.3d 535, 536-37 (5th Cir. 2013). Injunctive relief is an extraordinary remedy which requires the movant to unequivocally show the need for its issuance. *Sepulvado v. Jindal,* 729 F.3d 413, 417 (5th Cir. 2013) (internal citations and quotations omitted).  Plaintiff must carry the burden as to all four elements before a preliminary injunction may be considered. *Voting for America, Inc. v. Steen*, 732 F.3d 382, 386 (5th Cir. 2013) (internal quotations and citations omitted).

The undersigned will first consider whether Plaintiff can demonstrate a substantial likelihood of success on the merits of his claims.  The RLUIPA provides that "[n]o government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution," unless the government shows that the burden both "is in furtherance of a compelling governmental interest" and "is the least restrictive means of furthering that compelling governmental interest." 42 U.S.C. § 2000cc−1(a). Under the RLUIPA, a plaintiff bears the initial burden of showing that "the challenged government action 'substantially burdens' the plaintiff's 'religious exercise.'" *Mayfield v. Tex. Dept. of Criminal Justice.*, 529 F.3d 599, 613 (5th Cir. 2008).  Once the plaintiff meets his initial burden, the burden shifts to the government to "demonstrate that its action was supported by a compelling interest and that the regulation is the least restrictive means of carrying out that interest." *Mayfield*, 529 F.3d at 613.

The Equal Protection Clause of the Fourteenth Amendment, in turn, states that "no state shall ... deny to any person within its jurisdiction the equal protection of the laws."

3 / 6

U.S. Const. Amend. XIV § 1.  The Equal Protection Clause directs that similarly situated people should be treated alike.  *Plyler v. Doe*, 457 U.S. 202, 216 (1982).

Equal protection jurisprudence typically has been concerned with governmental classifications that affect some groups of citizens differently than others.  *Engquist v. Oregon Dept. of Agr.*, 553 U.S. 591, 601 (2008).  Equal Protection Clause, however, does not require "that every religious sect or group within a prison-however few in number-must have identical facilities or personnel"; it requires only that prison officials afford inmates "reasonable opportunities ... to exercise the religious freedom guaranteed by the First and Fourteenth Amendment[s]." *Baranowski v. Hart,* 486 F.3d 112, 123 (5th Cir. 2007).

At this early state in the litigation, Plaintiff has failed to show a substantial likelihood of success on either his RLUIPA or equal protection claims.  Unlike the plaintiffs in *Goodman*, Plaintiff does not practice the Native American faith.  Further factual development of the issues presented in this case are necessary to determine: (1) how integral the wearing of long hair is to Plaintiff's faith; (2) whether the TDCJ's grooming policy is supported by a compelling interest that is the least restrictive means in carrying out that interest; and (3) whether Plaintiff, as a Christian seeking to take the Nazarite Vow, is receiving unfavorable treatment compared to other inmates who are actually similarly situated.

Moreover, Plaintiff has failed to demonstrate a substantial threat of an irreparable injury.  Plaintiff has neither alleged specific facts nor presented evidence to describe the extent of his injury in being denied the ability to grow his hair long.  Plaintiff's

conclusory allegations of harm do not establish a constitutional violation at this time.  In the absence of such a violation, federal courts are reluctant to interfere in the internal affairs of the McConnell Unit. *See Richie v. UTMB Hospital Galveston*, No. 2:12-CV-322, 2012 WL 12871940, at \*2 (S.D. Tex. Oct. 18, 2012) (citing *Kahey v. Jones*, 836 F.2d 948, 950 (5th Cir. 1988)).

## III.   RECOMMENDATION

For the foregoing reasons, the undersigned respectfully recommends that Plaintiff's motion for preliminary injunctive relief (D.E. 14) be **DENIED**.

Respectfully submitted this 1st day of October, 2021.

Jason B. Libby
United States Magistrate Judge

## <u>NOTICE  TO  PARTIES</u>

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).