Case 2:21-cv-00067   Document 57   Filed on 11/23/21 in TXSD   Page 1 of 14

United States District Court
Southern District of Texas
**ENTERED**
November 23, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| DANIEL AIELLO, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION NO. 2:21-CV-00067 |
| § | |
| BRIAN COLLIER, *et al.*, § | |
| § | |
| Defendants. § | |

**ORDER ON OBJECTIONS TO**
**MAGISTRATE JUDGE DETERMINATIONS**

Plaintiff Daniel Aiello filed this action against Brian Collier, the Executive Director of the Texas Department of Criminal Justice (TDCJ) in his official capacity, complaining of the prison policy requiring him to wear his hair cut short. He claims that his religion requires that he wear his hair long. He asserts claims for (a) violation of his right to equal protection under the Civil Rights Act, 42 U.S.C. § 1983; and (b) for discrimination under the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc et seq. Before the Court are four matters which United States Magistrate Judge Jason B. Libby has addressed and Plaintiff's objections. Each matter is discussed below.

**STANDARD OF REVIEW**

When, as is the case here, pretrial proceedings are referred to a magistrate judge pursuant to 28 U.S.C. § 636(b), the magistrate judge has authority to rule on most matters. The statutory exceptions to the magistrate judge's power to enter a definitive ruling are:

> a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action.

28 U.S.C. § 636(b)(1)(A). These exceptions are commonly referred to as dispositive matters, which are reserved for district judges under Article III of the United States Constitution. *See* Fed. R. Civ. P. 72(a), (b).[1] All other pretrial rulings are considered non-dispositive. *Id*. Both types of magistrate judge decisions are subject to review by the district judge, but the procedures involved affect whether and how each decision is reviewed.

**Dispositive Recommendations**. With respect to a dispositive matter, a magistrate judge issues a memorandum and recommendation setting out the findings of fact and conclusions of law intended to support the recommendation. 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). By statute, the parties have fourteen days to object to a memorandum and recommendation. 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b). Thereafter, the district court adopts, rejects, or modifies the findings of fact and conclusions of law in the memorandum and recommendation and issues a final ruling.

The district court must take the final step on dispositive matters and issue the order under its own authority, regardless of whether objections are filed. *See* § 636(b)(1)(C); Fed. R. Civ. P. 72(b). The district court conducts a de novo review of any part of a

---

[1] Separate procedures, not at issue here, apply when all parties consent to submit the case in its entirety to the magistrate judge. 28 U.S.C. § 636(c).

magistrate judge's memorandum and recommendation that has been properly objected to. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3); *Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000). As to any portion for which no objection is filed, a district court reviews for clearly erroneous factual findings and conclusions of law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (per curiam).

**Nondispositive Orders**. In contrast, a magistrate judge's nondispositive order is final unless objections are timely filed. Fed. R. Civ. P. 72(a). As with dispositive orders, objections must be filed within fourteen days. Fed. R. Civ. P. 72(a). Otherwise, any complaint is waived. "A party may not assign as error a defect in the order not timely objected to." Fed. R. Civ. P. 72(a). The district court sets aside only those rulings that are clearly erroneous or contrary to law. *Id*.

**Objections**. "Parties filing objections must specifically identify those findings objected to. Frivolous, conclusive or general objections need not be considered by the district court." *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987) (discussing pro se petitioner's objections to M&R), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996); *see also Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004) ("An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context."); *Jones v. Hamidullah*, No. 2:05-2736, 2005 WL 3298966, at *3 (D.S.C. Dec. 5, 2005) (noting a pro se petitioner's M&R objections were "on the whole . . . without merit in that

they merely rehash [the] general arguments and do not direct the court's attention to any specific portion of the [M&R].").  The Supreme Court has noted that "[t]he filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Thomas v. Arn*, 474 U.S. 140, 147 (1985).

## DISCUSSION

### I.  Nondispositive Order Denying Judicial Notice

Plaintiff's first objection challenges a nondispositive order.  However, to understand the context of the order, Plaintiff's objection, and the Court's decision, the Court must first discuss a separate underlying dispositive ruling.

Plaintiff's complaint was subject to initial screening pursuant to the Prison Litigation Reform Act (PLRA).  *See* 42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(e)(2), 1915A.  On May 17, 2021, Magistrate Judge Libby issued a memorandum and recommendation (M&R-1, D.E. 16), recommending that the Court retain Plaintiff's equal protection and RLUIPA challenges to the TDCJ hair policy.  Before this Court had an opportunity to adopt or reject the recommendations Plaintiff filed a "Motion of Judicial Notice" (D.E. 27), suggesting that M&R-1 contained factfindings in his favor.  Because Defendant did not file an objection to M&R-1 within the time for doing so, Plaintiff claimed not only that his claims survived initial screening, but that he had prevailed on the merits by default and that the Magistrate Judge should take judicial notice of that fact.

On July 12, 2021, Magistrate Judge Libby issued a nondispositive order (D.E. 29), denying judicial notice and explaining that the Court would apply appropriate standards of review and rules of procedure before Plaintiff would be entitled to relief on the merits and that judicial notice was not appropriate under the circumstances. On July 23, 2021, Plaintiff timely filed objections (D.E. 31) to the order (D.E. 29). His objections restate the motion with greater emphasis on the time deadline for objections to M&R-1 and Defendant's failure to object. As such the objections are not proper. They do not focus the Court on a material factfinding or legal conclusion in the Magistrate Judge's order that is challenged as erroneous.

Additionally, M&R-1 did not make any factfindings in favor of Plaintiff's claims on their merits. It only stated that the claims were not subject to immediate dismissal as frivolous, malicious, or failing to state a claim upon which relief can be granted. 28 U.S.C. §§ 1915(e)(2), 1915A. The allegations (not the evidence) were adequate to allow Plaintiff to go forward with discovery and a trial at which he must present evidence.

Further, at the time the Magistrate Judge issued M&R-1, Defendant was not a party to the case. The order (D.E. 18) requiring that Defendant be served was not entered until after the M&R was issued. And Defendant did not file an answer (D.E. 24), entering his first appearance in the case, until June 29, 2021—well after any deadline for objecting to M&R-1. Not only were there no binding factfindings in M&R-1, but Defendant was not a party and not bound by the screening recommendation in M&R-1.

A defendant has a renewed opportunity to seek dismissal of a plaintiff's claims after they have survived initial screening. PLRA screening is "separate and distinct" from consideration of a Rule 12(b)(6) motion. *Jackson v. City of Beaumont Police Dep't*, 958 F.2d 616, 618–19 (5th Cir. 1992). While they have the same goals and a considerable overlap of standards, a decision under one does not dictate the decision under the other. *Id*. M&R-1 (and Defendant's failure to object to it) did not have any preclusive effect on Defendant's right to defend against Plaintiff's claims.

Regarding the Magistrate Judge's order on Plaintiff's motion for judicial notice, the Court finds that there are no clearly erroneous findings of fact and the decision is not contrary to law. The Court **OVERRULES** Plaintiff's objections and **AFFIRMS** the Magistrate Judge's order (D.E. 29) denying the motion seeking judicial notice.

## II. Two Memoranda and Recommendations to Deny Motions on the Merits

On August 5, 2021, Plaintiff filed a document entitled, "Plaintiff's – Dispositive Motion" (D.E. 38). In that motion, he claims that he should prevail, analogizing his case to that of *Goodman v. Davis*, No. 2:12-cv-166 (S.D. Tex. 2019), in which prisoners who practice a Native American faith tradition succeeded, under RLUIPA, in enforcing a right to wear long hair during TDCJ incarceration. Plaintiff asserts that he is entitled to the same right under RLUIPA and that any violation of that right is also an equal protection violation because he is being discriminated against on the basis of his nationality or religion.

On August 31, 2021, Magistrate Judge Libby issued a memorandum and recommendation (M&R-2, D.E. 42), construing the motion as one for summary judgment

under Federal Rule of Civil Procedure 56 and recommending its denial without prejudice as premature and as unaccompanied by evidence to support the necessary factfindings. Plaintiff did not object to M&R-2. After due consideration, the Court now **ADOPTS** the findings and conclusions of M&R-2 and the motion (D.E. 38) is **DENIED WITHOUT PREJUDICE**.

Instead of objecting to M&R-2, on September 16, 2021, Plaintiff filed a second "Plaintiff's Dispositive Motion" (D.E. 46), making the same arguments and again failing to support them with evidence. On September 17, 2021, Magistrate Judge Libby issued a memorandum and recommendation (M&R-3, D.E. 47), again construing the motion as one for summary judgment and recommending denial without prejudice because the motion is premature and is not accompanied by evidence. Plaintiff objected to M&R-3 on a number of grounds. D.E. 50. The Court has grouped the objections for ease of disposition and considers each in turn.

**Not a Summary Judgment Motion**. Plaintiff argues that a dispositive motion is not defined in the Federal Rules of Civil Procedure and that the Magistrate Judge erred in construing his motion as a summary judgment motion. But there are only three ways for a plaintiff to obtain the type of relief Plaintiff seeks: (1) a motion for default judgment under Rule 55; (2) a motion for judgment on the pleadings under Rule 12(c); and (3) a motion for summary judgment under Rule 56. Plaintiff cannot obtain a Rule 55 default judgment against Defendant because Defendant has appeared and answered. Plaintiff cannot obtain a Rule 12(c) judgment on the pleadings because his causes of action require factfindings

and Defendant has challenged those facts by denying the claims in his answer. *See* D.E. 24.

This leaves a motion for summary judgment as the only vehicle by which Plaintiff may obtain the dispositive relief he seeks. The Court is to liberally construe Plaintiff's pro se filings in a manner that conforms to the desired remedy. *United States v. Robinson*, 78 F.3d 172, 174 (5th Cir. 1996). This principle requires the Court to treat Plaintiff's motion for dispositive relief as a summary judgment motion by process of elimination.

Construing Plaintiff's motion as a summary judgment motion is not an adverse act. It favors Plaintiff by providing the framework within which his request may properly be considered. The motion (D.E. 46) fails, not because it is construed as a summary judgment motion, but because it is not sufficient to prove up the matters necessary for Plaintiff to obtain dispositive relief, as discussed more fully below. Plaintiff's objections related to the treatment of his motion as one for summary judgment are **OVERRULED.**

**No Fact Issue**. Plaintiff argues that he need not present factual evidence because RLUIPA does not permit a factual inquiry into whether a particular belief or practice is central to a prisoner's religion. The Magistrate Judge's recommended denial is not based on any inquiry into Plaintiff's religion. It is based on the reality that any claim under the equal protection clause or RLUIPA is a fact-intensive inquiry spanning multiple issues.

There are two phases to the adjudication of a RLUIPA claim at trial. First, Plaintiff bears the burden of proving that the TDCJ policy implicates the exercise of a sincerely held religious belief and substantially burdens that exercise. *Holt v. Hobbs*, 135 S. Ct. 853, 862

(2015) (citing § 2000cc–5(7)(A)). In the second phase, the burden of proof shifts to TDCJ to show that its refusal to allow Plaintiffs to grow long hair (1) is in furtherance of a compelling governmental interest, and (2) is the least restrictive means of furthering that compelling governmental interest. *Id.* at 863 (quoting § 2000cc–1(a)). Under RLUIPA, this inquiry is plaintiff-specific, requiring the Court to focus on the application of the challenged policy to the particular claimant whose religious exercise has been burdened. *Id.* at 863.

To bypass a trial and obtain a summary judgment, Plaintiff must show that there is no disputed issue of material fact on any of these issues. Fed. R. Civ. P. 56. Plaintiff, as the moving party, bears the initial burden of showing the absence of a genuine issue of material fact and that he is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If Plaintiff demonstrates an absence of evidence supporting Defendant's case, then the burden shifts to the Defendant to come forward with specific facts showing that a genuine issue for trial does exist. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Plaintiff has not demonstrated that there is no dispute over the RLUIPA issues. He has not shown that Defendant will be unable to prove a compelling governmental interest or that the hair policy is the least restrictive means for protecting that governmental interest. The fact that the plaintiffs prevailed in *Goodman v. Davis* does not mean that Plaintiff will prevail against Collier here. Each case turns on the evidentiary record offered by the parties

as to specific claims, and the result is not necessarily a foregone conclusion simply because other inmates have succeeded.

Plaintiff's motion is equally deficient with respect to his equal protection challenge. This inquiry focuses on three factual elements: a governmental classification; the purpose of the classification; and the fit between the classification and purpose. *See Johnson v. Rodriguez*, 110 F.3d 299, 306 (5th Cir. 1997); *Brennan v. Stewart*, 834 F.2d 1248, 1257 (5th Cir. 1988). Plaintiff has not addressed any of these fact issues, as required to obtain a summary judgment providing him with dispositive relief. Additionally, the *Goodman v. Davis* case did not include an equal protection challenge.

The Court **OVERRULES** Plaintiff's objection that there is no fact issue to be adjudicated in this case.

**Lack of Legal Resources**. Plaintiff objects because he does not understand the resistance to his claim and he does not have adequate resources (adequate law library and legal representation) to prosecute his claim while incarcerated. This objection does not address any error in M&R-3 and is not a proper objection. The Court **OVERRULES** Plaintiff's objections regarding his legal resources.

**Bible is Evidence**. Plaintiff objects on the basis that he did supply the only necessary evidence—references to Bible verses—and he should not have to destroy a Bible to excerpt and send those verses or send an entire Bible to the Court to support his claims. As discussed above, Plaintiff's claim that long hair is an important part of his religious practice is not the only fact question on which Plaintiff is required to present evidence in

order to prevail. The Court's concern is not with the manner in which he has attempted to prove up the issue regarding the religious basis of his request. The problem is that his claim, however supported by Bible verses, requires more than Bible verses to prevail.

Bible verses do not address the governmental interest behind the short hair policy or whether the short hair policy is the least restrictive means to meet that interest. Thus they do not dispose of the RLUIPA claim. Bible verses do not address any classification of prisoners, purpose for a classification, or fit between the classification and its purpose. Thus, they do not dispose of the equal protection claim. Any objection related to the manner in which the Bible verses have been submitted as evidence is therefore moot as being insufficient to change the result: that Plaintiff has failed to demonstrate that there is no other disputed issue of material fact. The objections related to the manner of proving up Bible verses are **OVERRULED** as moot.

**Other Evidence**. Plaintiff objects because he not only supplied Bible verses, but he provided references to the TDCJ policy and Offender's Handbook. He also cited *Goodman v. Davis* as evidence supporting his equal protection challenge. As is true of the Bible verses, these additional proffers of evidence are insufficient to eliminate any disputed issue of material fact regarding the RLUIPA and equal protection issues. The Court **OVERRULES** the objections as moot.

**Presiding Judge**. Plaintiff objects because he did not consent to submitting his case to a Magistrate Judge for adjudication. Under 28 U.S.C. § 636(b), a district court judge may refer pretrial matters to a magistrate judge. In that event, a party's consent is not

required. 28 U.S.C. § 636(b). This referral involves "the entire process tak[ing] place under the district court's total control and jurisdiction." *United States v. Raddatz*, 447 U.S. 667, 681 (1980). And where such referral occurs, the district court supervises the magistrate judge. Thus, the district court retains "jurisdiction over the case at all times." *Thomas v. Arn*, 474 U.S. 140, 154 (1985).

As explained in the standard of review above, the Magistrate Judge's memoranda and recommendations are not dispositive here. Only the District Judge's decision controls. Therefore, the Court **OVERRULES** Plaintiff's objection on the basis of his refusal to consent to the referral of the case to the Magistrate Judge for pretrial management.

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in M&R-3, as well as Plaintiff's objections, and all other relevant documents in the record, and having made a de novo disposition of the portions of M&R-3 to which objections were specifically directed, the Court **OVERRULES** Plaintiff's objections and **ADOPTS** as its own the findings and conclusions of the Magistrate Judge. Accordingly, Plaintiff's Dispositive Motion (D.E. 46) is **DENIED**.

### III. Memorandum and Recommendation to Deny Temporary Injunctive Relief

On May 6, 2021, Plaintiff filed a motion for temporary injunctive relief (D.E. 14), seeking an order that Defendant be enjoined from enforcing TDCJ's short hair policy against Plaintiff pending trial of this matter. Defendant filed a response (D.E. 48) on September 21, 2021. On October 1, 2021, Magistrate Judge Libby issued a memorandum and recommendation (M&R-4, D.E. 51), finding that Plaintiff had not met his burden to

show the first two of the four requirements for issuing preliminary injunctive relief. According to M&R-4, Plaintiff's arguments, unsupported by evidence, did not demonstrate a likelihood of success on the merits because he failed to address all of the elements of his claims (noted in the discussion above). And Plaintiff's assertions of irreparable injury were conclusory. M&R-4 thus recommended denial of temporary injunctive relief.

On October 15, 2021, Plaintiff timely filed his objections (D.E. 55). He neither addresses the missing elements of his claims nor explains how the Magistrate Judge erred in his analysis when determining the likelihood of success at trial. Instead, he rehashes the arguments in his motion and continues his undue reliance on *Goodman v. Davis*. The objections are therefore insufficient to show any error in the findings of fact or conclusions of law in M&R-4.

Plaintiff suggests that the burden lies with Defendant "to provide proof this injustice is not unlawfull [sic]." D.E. 55, p. 2. As the Magistrate Judge correctly observed, the burden of proof on all four elements supporting injunctive relief lies with Plaintiff. D.E. 51, p. 3 (citing *Voting for America, Inc. v. Steen*, 732 F.3d 382, 386 (5th Cir. 2013)). Plaintiff has not disputed this proposition of law and has not supplied any authorities to the contrary.

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in M&R-4, as well as Plaintiff's objections, and all other relevant documents in the record, and having made a de novo disposition of the portions of M&R-4 to which objections were specifically directed, the Court **OVERRULES** Plaintiff's objections and

**ADOPTS** as its own the findings and conclusions of the Magistrate Judge. Accordingly, Plaintiff's motion for temporary injunctive relief (D.E. 14), is **DENIED**.

ORDERED on November 23, 2021.

                                                              _____
                                                              NELVA GONZALES RAMOS
                                                              UNITED STATES DISTRICT JUDGE