United States District Court
Southern District of Texas
**ENTERED**
November 15, 2022
Nathan Ochsner, Clerk

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| DANIEL AIELLO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:21-CV-00067 |
| | § | |
| BRYAN COLLIER, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION
## TO GRANT IN PART AND DENY IN PART BRYAN COLLIER'S MOTION TO DISMISS AND DENY PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Plaintiff Daniel Aiello, a Texas prisoner appearing *pro se* and *in forma pauperis*, has filed this action against Bryan Collier, the Executive Director of the Texas Department of Criminal Justice (TDCJ) in his official capacity. This case involves Plaintiff's efforts to grow his hair long in accordance with his religious beliefs. Since filing this action, TDCJ has modified its grooming policy which now allows Plaintiff to grow his hair long. Plaintiff's claims are moot.

Pending before the Court are Bryan Collier's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) (D.E. 105) and Plaintiff's Motion for Summary Judgment (D.E. 110).

For the reasons stated herein, the undersigned respectfully recommends that the Court **GRANT in part** and **DENY in part** Collier's Rule 12(b)(1) Motion to Dismiss. Because this action is subject to dismissal for lack of subject matter jurisdiction, the

1 / 14

undersigned further respectfully recommends that Plaintiff's Motion for Summary Judgment be **DENIED** as moot.  If this M&R is adopted as written, the Court should enter final judgment and close this case.

## I.   JURISDICTION

The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.  This case has been referred to the undersigned magistrate judge for case management and making recommendations on dispositive motions pursuant to 28 U.S.C. § 636.

## II.   BACKGROUND

Plaintiff alleges in this action he is a Christian who would prefer to take the Nazarite Vow.  According to Plaintiff, a major tenet of the Nazarite Vow references the right to grow one's hair long.  Plaintiff alleges that TDCJ's grooming policy interferes with his ability to practice his Christian faith through the taking of the Nazarite Vow.  Plaintiff asserts claims for (1) violation of his right to equal protection under 42 U.S.C. § 1983; and (2) for discrimination under the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc et seq.

In his original complaint (D.E. 1-1, p. 4), Plaintiff referenced *Goodman v. Davis*, No. 2:12-cv-166 (S.D. Tex. 2019) (*Goodman*), which was a consolidated case filed by three Native American prisoners in this Court under RLUIPA.  After a three-day bench trial, District Judge Nelva Gonzales Ramos granted these prisoners an exemption from TDCJ's grooming policy which allowed them to wear their hair long. (*Goodman*, D.E. 322).

On May 17, 2021, the undersigned issued a Memorandum and Recommendation (M&R), recommending that the Court only retain Plaintiff's equal protection and RLUIPA claims challenging TDCJ's hair policy against Collier in his official capacity for injunctive relief. (D.E. 16). District Judge Ramos adopted the M&R. (D.E. 34).

After Collier filed his answer on June 29, 2021 (D.E. 24), Plaintiff filed several dispositive motions, which were each construed as motions for summary judgment. (D.E. 38, 46, 56, 87). Relying on the Court's final judgment in *Goodman*, Plaintiff primarily contended that his equal protection and RLUIPA rights have been violated, that he should be exempted from TDCJ's grooming policy, and that he should be allowed to grow his hair long. (D.E. 38, pp. 2-5; D.E. 46, p. 4; D.E. 56, pp. 2-7; D.E. 87, p. 1). District Judge Ramos denied each motion, concluding that Plaintiff had offered no evidence sufficient to eliminate any disputed issues of material fact regarding his RLUIPA and equal protection claims. (D.E. 57, pp 9-10; D.E. 95, p. 8).

On July 7, 2022, Collier filed a Rule 12(b)(1) Motion to Dismiss seeking to dismiss Plaintiff's claims for lack of subject matter jurisdiction. (D.E. 105). On November 4, 2022, the Court received Plaintiff's response to Collier's Motion to Dismiss. (D.E. 117). Plaintiff also filed a Motion for Summary Judgment as to the merits of his claims. (D.E. 110). Collier filed a response to the summary judgment motion. (D.E. 112).

## III.   LEGAL STANDARD

Rule 12(b)(1) requires dismissal for lack of subject matter jurisdiction if the court lacks statutory or constitutional power to adjudicate the case. *Home Builders Ass'n of*

*Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998).  The burden of proof is on the party asserting jurisdiction, which is the Plaintiff in this case.  *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001), *cert. denied sub nom.*, *Cloud v. United States*, 536 U.S. 960 (2202).

In examining a Rule 12(b)(1) motion, the district court is empowered to consider matters of fact that may be in dispute.  *Id.*  "Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Id.* (citing *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996)).   A plaintiff's uncontroverted factual allegations are taken as true.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"The court's lack of subject matter jurisdiction may be asserted at any time, either in the answer, or in the form of a suggestion to the court prior to final judgment."  *Garcia v. United States Citizenship and Immigration Services*, No. 3:21-CV-2233-G, 2022 WL 3349151, at *3 (N.D. Tex. Aug. 12, 2022) (citing 5B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE, § 1350 (3d. ed. 2004)).  Thus, Collier's Rule 12(b)(1) motion to dismiss, submitted after the service of his answer, is treated as a suggestion that the Court lacks subject matter jurisdiction in this case. *See id.*  The court must dismiss a civil action if it "determines at any time that it lacks subject matter jurisdiction."  Fed. R. Civ. P. 12(h)(3).

IV.     **DISCUSSION**

**A.  Claims Seeking Damages against Collier in his Official Capacity**

Collier contends that: (1) Plaintiff's § 1983 equal protection claim seeking money damages against him in his official capacity is barred by the Eleventh Amendment; and (2) Plaintiff's RLUIPA claim against him is precluded as well under the RLUIPA statute. (D.E. 105, p. 3).  While not addressing Collier's Eleventh Amendment argument, Plaintiff argues that damages are available under RLUIPA.  (D.E. 117, p. 4).

A review of the record in this case reveals that Plaintiff does not seek monetary damages in connection with his equal protection and RLUIPA claims.  In his original complaint, Plaintiff only sought "permanent injunctive relief from [the] TDCJ grooming policy" so that he could grow his hair long and loose.  (D.E. 1, p. 4).  Plaintiff then testified at the *Spears* hearing that he did not seek monetary damages in this case.  (D.E. 19, pp. 23).  In response to the undersigned's question as to whether he seeks any type of money damages, Plaintiff responded:

> Your Honor, I'm not asking for any of that.  The only thing I ask for is the attorney fees, the filing fees, expert witness testimony, … and research of paralegal fees on my behalf for researching the law.

(D.E. 19, pp. 23-24).

Furthermore, in screening this action pursuant to 28 U.S.C. § 1915A, the Court retained only Plaintiff's equal protection and RLUIPA claims against Collier in his official capacity for injunctive relief.  (D.E. 34, p. 2).  Plaintiff has not moved to amend his complaint at any time to seek monetary damages against Collier in his official capacity.

Under the Court's Scheduling Order (D.E. 28), the deadline to amend his complaint to add any claim for damages has long since expired.  Accordingly, the undersigned respectfully recommends that Collier's Motion to Dismiss Plaintiff's claims seeking money damages against Collier in his official capacity (D.E. 105) be **DENIED** as unnecessary.[1]

### B.  Plaintiff's RLUIPA Claim against Collier in his Individual Capacity

Collier contends that Plaintiff is barred from bringing a RLUIPA claim against Defendant in his individual capacity.  (D.E. 105, pp. 3-4).  Plaintiff responds that RLUIPA does in fact authorize individual capacity suits.  (D.E. 117, p. 4).  As noted above, the Court retained only Plaintiff's RLUIPA claim against Collier in his official capacity for injunctive relief.  (D.E. 34, p. 2).  Plaintiff has not moved in a timely fashion to amend his complaint and assert a RLUIPA claim against Collier in his individual capacity.  Accordingly, the undersigned respectfully recommends that Collier's Motion to Dismiss Plaintiff's individual capacity RLUIPA claims against Collier (D.E. 105) be **DENIED** as unnecessary.[2]

### C.  Mootness

A court lacks subject matter jurisdiction where a case becomes moot.  *See Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 78-79 (2013).  "A case becomes moot—and

---

[1] Even if Plaintiff had properly sought money damages against Collier in his official capacity, such claims would be subject to dismissal.  The Eleventh Amendment bars claims seeking monetary relief against state officials in their official capacities.  *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002).  Likewise, a plaintiff also may not seek monetary relief with respect to a RLUIPA claim. *Sossamon v. Texas*, 563 U.S. 277, 288 (2011) (holding that, because injunctive or declaratory relief is the only relief a court may grant under RLUIPA, a claimant may not seek monetary damages for a RLUIPA claim).
[2] Even if Plaintiff had sued Collier in his official capacity under RLUIPA, such claim would be subject to dismissal as RLUIPA does not permit a claimant to pursue claims against government officials in their individual capacities. *Sossamon v. Lone Star State of Texas*, 560 F.3d 316, 329 (5th Cir. 2009).

therefore no longer a Case or Controversy for purposes of Article III—when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Already, L.L.C. v. Nike, Inc.*, 568 U.S. 85, 91 (2013) (internal quotation marks and citation omitted). "If a dispute has been resolved or if it has evanesced because of changed circumstances, including the passage of time, it is considered moot." *American Med. Ass'n v. Bowen*, 857 F.2d 267, 270 (5th Cir. 1988). In other words, when the controversy between parties "has resolved to the point that they no longer qualify as 'adverse parties with sufficient legal interests to maintain the litigation,' [courts] are without power to entertain the case." *Sossamon v. Lone Star State of Texas*, 560 F.3d 316, 324 (5th Cir. 2009) (quoting *United States v. Lares-Meraz*, 452 F.3d 352, 354 (5th Cir. 2006)).

The Supreme Court recognizes that "[a] case might become moot if subsequent events made it absolutely clear that the alleged wrongful behavior could not reasonably be expected to recur." *Friends of the Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc.*, 528 U.S. 167, 189 (2000) (internal quotations marks and citation omitted). While the "voluntary cessation of a challenged activity does not ordinarily deprive a federal court of its power to determine its legality, courts are justified in treating a voluntary governmental cessation of potentially wrongful conduct with solicitude." *Turner v. Texas Dep't of Crim. Just.*, 836 F. App'x 227, 229 (5th Cir. 2020) (per curiam), *cert. denied*, __ U.S. __, 141 S. Ct. 2681 (2021) (citing *Sossamon*, 560 F.3d at 325). "Such self-correction provides a secure foundation for a dismissal based on mootness so long as it appears genuine." *Turner*, 836 F. App'x at 229 (citing *Ragsdale v. Turnock*, 841 F.2d 1358, 1365 (7th Cir. 1988)).

### *(1) Claims Seeking Injunctive Relief*

Collier asserts that Plaintiff's request for injunctive relief is moot because TDCJ policy now allows Plaintiff to grow his hair long as an expression of his religious belief. (D.E. 105, pp. 4-5).  Collier contends, therefore, that Plaintiff can no longer satisfy the "case and controversy" requirement due to this policy change occurring subsequent to the filing of this case.  (D.E. 105, PP. 4-5).

Plaintiff responds that TDCJ's policy does not moot his claims because TDCJ "could return to [its] old way's [sic] under color of law to deprive [him] the right to free exercise of his religious belief."  (D.E. 117, p. 1).  Plaintiff cites language in the revised policy where an inmate may be forced to shave his head if he refuses to be searched.  (D.E. 117, pp. 1-2, 6).

Collier has submitted TDCJ's new inmate grooming policy, TDCJ Security Memorandum 06.16 (rev. 6) ("SM-06.16"), effective June 1, 2022 which superseded the policy in place when Plaintiff filed this lawsuit.  (D.E. 105-2).  SM-06.16 allows eligible inmates like Plaintiff to grow their hair long.  (D.E. 105-2, p. 3).  The revised policy further provides that: (1) "[a]n inmate's hair is subject to search at any time"; and (2). "[i]f an inmate's hair cannot be readily searched, the inmate shall be given an opportunity to come into compliance with these specifications or will be subject to disciplinary action, including a forced haircut."  (D.E. 105-2, p. 3).

Collier also has submitted a declaration from Eric Guerrero, the TDCJ-CID Deputy Division Director, who confirms Plaintiff's eligibility to grow his hair long.  (D.E. 105-3).

Guerrero states: "I have reviewed the classification and disciplinary records of [Plaintiff]. Under SM-06.16 (rev. 6), [Plaintiff] is eligible to grow his hair long … [and] may wear his hair in a single braid or ponytail that is easily removable for search upon request."  (D.E. 105-3, p. 2).

Collier's uncontested evidence demonstrates that Plaintiff's claims seeking to grow his hair long as an expression of his Christian faith through the taking of the Nazarite Vow have been resolved.  The TDCJ changed its grooming policy during the pendency of this action and now allow eligible inmates like Plaintiff to grow their hair long.  This change as reflected in the revised SM-06.16, coupled with Guerrero's declaration, assures that Plaintiff has received the relief he requested with regard to the length of his hair and that any alleged wrongful behavior related to TDCJ's grooming policy cannot be reasonably expected to recur.  *See Friends of the Earth, Inc.*, 528 U.S. at 189-90.

Plaintiff expresses his concern that prison officials will not adhere to the revised policy due to the provision that eligible inmates may be forced to cut their hair should their hair not be readily available to be searched.  District Judge Ramos's final order in *Goodman*, however, specifically acknowledges that prison officials have authority to search an inmate's long hair for security reasons and that such searches should not cause TDCJ significant budgetary, health, or safety costs.  (*Goodman*, D.E. 322, pp. 12-15).  Revised SM-06.16 provides inmates like Plaintiff who are eligible to grow long hair an opportunity to comply with any such searches before any action, such as a forced haircut, could be enforced against them following a disciplinary action. (D.E. 105-2, p. 3).  Plaintiff

otherwise has submitted no competent summary judgment evidence to show that the "forced haircut" provision in Revised SM-06.16 has already been used in an improper manner or will be used to deprive inmates of their right to express their religious freedom through the wearing of long hair.

The undersigned finds that TDCJ has made a genuine and adequate self-correction regarding its revised grooming policy that provides a secure foundation to dismiss Plaintiff's claims seeking injunctive relief against Collier as moot.  *See Turner*, 836 F. App'x at 229.  *See also Banks v. Stephens*, No. 2:13-CV-223, 2016 WL 1637983, at * (S.D. Tex. Mar. 30, 2016), *memorandum and recommendation adopted*, 2016 WL 1651870 (S.D. Tex. Apr. 25, 2016) (dismissing as moot inmate's claims for injunctive and declaratory relief because the new policy in effect granted his requested relief to grow and maintain a "religious beard").  The Court, therefore, lacks subject matter jurisdiction over Plaintiff's RLUIPA and equal protection claims seeking injunctive relief because Collier has established that no live case or controversy now exists.  Accordingly, the undersigned respectfully recommends that Collier's Motion to Dismiss these claims as moot (D.E. 105) be granted and that they be dismissed without prejudice.

### (2) Court Costs and Attorney's Fees

Liberally construed, Plaintiff claims that his requests for court costs and attorney's fees should not be dismissed as moot.  (D.E. 117, p. 3).  Federal Rule of Civil Procedure 54(d)(1) permits the Court to award costs other than attorney's fees to the "prevailing party." Section 1988(b), likewise, authorizes an award of attorney's fees to a "prevailing

party." Whether a party is a prevailing party is a question of law for the Court. *Veasey v. Abbott*, 13 F.4th 362, 367 (5th Cir. 2021).

"[T]o achieve prevailing party status, a party must achieve some judicially sanctioned relief that either creates or materially alters a legal relationship between the parties." *Petteway v. Henry*, 738 F.3d 132, 137 (5th Cir. 2013) (citing *Buckhannon Board and Care Home, Inc. v. West Virginia Dept. of Health and Human Resources*, 532 U.S. 598, 604 (2001)). The following three requirements that must be satisfied for a plaintiff to demonstrate prevailing party status: "(1) the plaintiff must achieve judicially-sanctioned relief, (2) the relief must materially alter the legal relationship between the parties, and (3) the relief must modify the defendant's behavior in a way that directly benefits the plaintiff at the time the relief is entered." *Id.* (citing *Dearmore v. City of Garland*, 519 F.3d 517, 521 (5th Cir. 2008)). In other words, a prevailing party is "one who has been awarded ... at least some relief on the merits," and there must be "judicial imprimatur on the change" in the legal relationship between the parties. *Buckhannon*, 532 U.S. at 603, 605.

As discussed above, Plaintiff received his requested injunctive relief by way of TDCJ's revised grooming policy, which now permits him to grow his hair long in accordance with his religious belief. "A defendant's voluntary change in conduct, although perhaps accomplishing what the plaintiff sought to achieve by lawsuit, lacks the necessary judicial imprimatur on the change." *Buckhannon*, 532 U.S. at 605. Plaintiff, therefore, cannot be deemed a "prevailing party" for the purpose of recovering either court costs or attorney's fees in this case. *See Smith v. Stateline Road West Center, LLC*, No. 3:21-cv-

11 / 14

62, 2022 WL 4543181, at *4, n.2 (N.D. Miss. Sep. 28, 2022); *Garbarini v. Rangel*, No. 2:20-CV-216, 2022 WL 877112, at *4 (S.D. Tex. Jan. 12, 2022), *memorandum and recommendation adopted*, 2022 WL 874695 (S.D. Tex. Mar. 23, 2022); *Adams v. Allbaugh*, No. CIV-16-45, 2016 WL 5416617, at *3 (W.D. Okla. Sep. 6, 2016), *report and recommendation adopted*, 2016 WL 5416524 (S.D. Tex. Sep. 28, 2016).

Accordingly, the undersigned respectfully recommends that Collier's Motion to Dismiss Plaintiff's claims as moot (D.E. 105) be granted to the extent Plaintiff seeks attorney's fees and court costs as the prevailing party.

## V.   CONCLUSION

For the foregoing reasons, the undersigned respectfully recommends that Collier's Motion to Dismiss (D.E. 105) be **GRANTED in part** and **DENIED in part**.  To the extent Collier seeks to dismiss Plaintiff's claims seeking monetary relief against Collier in his official capacity and Plaintiff's RLUIPA Claim against Collier in his Individual Capacity, Collier's motion should be **DENIED** as unnecessary because these particular claims for relief have not been raised by Plaintiff.  To the extent Collier seeks to dismiss as moot Plaintiff's RLUIPA and equal protection claims seeking injunctive relief as well as court costs and attorney's fees as the prevailing party, Collier's motion should be **GRANTED** because this Court lacks subject matter jurisdiction over these claims.

Further, because the Court lacks subject matter jurisdiction over all claims raised in this action, the undersigned respectfully recommends that: (1) this action be **DISMISSED without prejudice**; and (2) Plaintiff's Motion for Summary Judgment (D.E. 110) be

**DENIED** as **MOOT**.  Lastly, is this M&R is adopted as written, the Court should enter final judgment and close this case.

      Respectfully submitted on November 15, 2022.

Jason B. Libby
United States Magistrate Judge

## <u>NOTICE TO PARTIES</u>

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).

14 / 14