Case 2:21-cv-00067   Document 123   Filed on 02/16/23 in TXSD   Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
February 16, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| DANIEL AIELLO, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION NO. 2:21-CV-00067 |
| § | |
| BRYAN COLLIER, *et al.*, § | |
| § | |
| Defendants. § | |

## ORDER ADOPTING MEMORANDUM AND RECOMMENDATION

Plaintiff Daniel Aiello is a state prisoner incarcerated at the Texas Department of Criminal Justice-Criminal Institutions Division (TDCJ) McConnell Unit in Beeville, Texas. D.E. 1. On November 15, 2022, United States Magistrate Judge Jason B. Libby issued a Memorandum and Recommendation (M&R, D.E. 120), recommending that Defendant Bryan Collier's motion to dismiss (D.E. 105) be granted in part and denied in part and that Aiello's motion for summary judgment (D.E. 110) be denied as moot. Aiello timely filed his objections (D.E. 121), each of which is addressed below.

First, Aiello objects to the M&R's finding regarding mootness and jurisdiction. D.E. 121, pp. 1-2. Aiello contends that despite TDCJ's new grooming policy, which allows inmates to grow their hair long, TDCJ can still require him to cut his hair in violation of his religious beliefs. *See id.* This issue was before the Magistrate Judge who found that Aiello's contention was unfounded considering TDCJ's new policy. D.E. 120, p. 9. And because this claim rests upon contingent future events that may not occur as anticipated, or

indeed may not occur at all, this claim is not ripe for judicial intervention. *See Texas v. United States,* 523 U.S. 296, 300 (1998). Aiello's first objection is therefore **OVERRULED**.

Second, Aiello clarifies that he never struck the individual capacity claims against Collier from his complaint, but instead it was a decision by the Court to only retain the official capacity claim. D.E. 121, p. 2. In doing so, Aiello appears to be objecting to this Court's prior decision, in which the Court adopted the Magistrate Judge's memorandum and recommendation dismissing individual capacity claims. *See*. D.E. 34. His objections to that order are untimely and improper with respect to the matter now before the Court. His second objection is therefore **OVERRULED**.

Third, Aiello objects to the M&R by discussing the applicability of qualified immunity to his claims. D.E. 121, pp. 2-3. Nothing in the Magistrate Judge's analysis adjudicates a defense of qualified immunity, so this objection is improper. *See Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003). Aiello's third objection is therefore **OVERRULED**.

Fourth, Aiello requests clarification regarding the M&R; his statement may also be construed as an objection to the Magistrate Judge construing his complaint so as not include monetary damages. D.E. 121, pp. 3-4. Aiello seems to be saying that he did request monetary damages to recuperate the costs of litigation. *Id*. But attorney's fees and the costs of litigation are distinct from damages. *See City of Rancho Palos Verdes, Cal. v. Abrams*, 544 U.S. 113, 122–23 (delineating between damages, attorney's fees, and costs in

discussing the remedies available under § 1983). The Magistrate Judge did not err in determining that Aiello never requested monetary damages, given his statement at the *Spears* hearing. *See* D.E. 120, p. 5. And the objection does not dispute the findings of the M&R that the only claim retained after screening was for injunctive relief. *Id*. Aiello's fourth objection is therefore **OVERRULED**.

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's Memorandum and Recommendation, as well as Aiello's objections, and all other relevant documents in the record, and having made a de novo disposition of the portions of the Magistrate Judge's Memorandum and Recommendation to which objections were specifically directed, the Court **OVERRULES** Aiello's objections and **ADOPTS** as its own the findings and conclusions of the Magistrate Judge. Accordingly,

(1) to the extent Collier seeks to dismiss Aiello's claims seeking monetary relief against Collier in his official capacity and Aiello's RLUIPA claim against Collier in his individual capacity, Collier's motion to dismiss (D.E. 105) is **DENIED** as unnecessary because these claims for relief have not been raised by Aiello;

(2) to the extent Collier seeks to dismiss Aiello's RLUIPA and equal protection claims seeking injunctive relief as well as court costs and attorney's fees as the prevailing party, Collier's motion to dismiss is **GRANTED**; and

(3) Aiello's motion for summary judgment (D.E. 110) is **DENIED** as moot.

This action is **DISMISSED without prejudice** in its entirety.

    ORDERED on February 16, 2023.

                                                                  NELVA GONZALES RAMOS
                                                                  UNITED STATES DISTRICT JUDGE